UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAN CAM LIU,<br><br>    Petitioner,<br><br>v.<br><br>MICHAEL CHERTOFF, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; ALBERTO GONZALES, ATTORNEY GENERAL; ROBIN F. BAKER, DIRECTOR OF SAN DIEGO FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; ANTHONY CERONE, OFFICER-IN-CHARGE,<br><br>    Respondents. | Civil No.07CV1654  JAH (RBB)<br><br>**ORDER (1) GRANTING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL; AND (2) DIRECTING RESPONDENTS TO SHOW CAUSE WHY PETITIONER'S REQUEST FOR HABEAS CORPUS RELIEF PURSUANT TO 28 U.S.C. § 2241 SHOULD NOT BE GRANTED** |

    Pending before the Court are Petitioner Tran Cam Liu's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) and motion for appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B) (Doc. No. 2), both filed on August 21, 2007.

    Petitioner has been subject to a final order of removal since December 21, 2006. Petitioner has been detained in the custody of Michael Chertoff, Secretary of the Department of Homeland Security; Alberto Gonzales, Attorney General; Robin F. Baker, Director of San Diego Field Office, U.S. Immigration and Customs Enforcement; and Anthony Cerone, Officer-in-Charge (collectively "Respondents or the "Government") since February 8, 2007. Petitioner alleges that his continued and indefinite detention is unlawful because (1) he has been detained beyond the presumptively reasonable period

1 | of six months and (2) there is no significant likelihood of removal in the reasonably
2 | foreseeable future.  *See* Zadvydas v. Davis, 533 U.S. 678 (2001); Nadarajah vs. Gonzalez,
3 | 443 F.3d 1069 (9th Cir. 2006).
4 |     Petitioner seeks appointment of counsel in the habeas proceedings under 28 U.S.C.
5 | § 2241 in the interests of justice because (1) he is unable to afford counsel; (2) he is highly
6 | likely to succeed on the merits of his claim and (3) his limited educational background will
7 | prevent him from effectively articulating his claims.

**ORDER TO SHOW CAUSE**

9 |     Having reviewed Petitioner's claims, the Court finds that Petitioner has stated
10 | cognizable claims for relief under 28 U.S.C. § 2241, and therefore, summary
11 | disposition of the petition is unwarranted at this time.  *See* Kourteva v. INS, 151 F.
12 | Supp. 2d 1126, 1128 (N.D. Cal. 201).  Accordingly, Respondents are **ORDERED TO**
13 | **SHOW CAUSE** why the petition should not be granted by:
14 |     1.    filing a written return no later than **Friday September 21, 2007**;
15 |     2.    filing copies of all pertinent documents, orders and transcripts relevant to
16 |     the petition; and
17 |     3.    filing a memorandum of law stating Respondents' position and making a
18 |     recommendation the need for an evidentiary hearing on the merits of the
19 |     Petition.
20 | If Petitioner wishes to reply to the return, he may do so by way of a traverse filed no
21 | later than Friday, October 12, 2007.  <u>This matter will be deemed under submission at
22 | that time.</u>

**APPOINTMENT OF COUNSEL**

24 |     Petitioner moves for appointment of counsel under 18 U.S.C. § 3006A(a)(2).
25 | Under this statute, the district court may appoint counsel for an impoverished habeas
26 | petitioner seeking relief under 28 U.S.C. § 2241 whenever "the court determines that
27 | the interests of justice so require ..."  Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir.
28 | 1984), quoting 18 U.S.C. 3006A(g); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir.

1986).  The Court "must evaluate both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."  Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (citations omitted); Weygandt vs. Look, 718 F.2d 952, 954 (9th Cir. 1983); *see also* Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994).

   **1.   Likelihood of Success on the Merits**

It is likely that Petitioner will prevail on his claim.  *See* Rand vs. Rowland, 113 F.3d at 1525.  Petitioner claims that he is detained in violation of 8 U.S.C. 1231(a)(6).  The Supreme Court has held that a post-removal detention exceeding six months from the issuance of a final order of removal or deportation is presumptively unreasonable.  *See* Zadvydas vs. Davis, 533 U.S. at 701; *see also*, Arango Marquex v. I.N.S., 346 F3d 892, 898-899 (9th Cir. 2003)

According to Petitioner, he was ordered removed to Vietnam by an immigration judge on December 21, 2006 and waived appeal of the decision.  Petitioner was taken into custody for the first time on February 8, 2007, and has been in the custody of the Government under a final order since.  The six-month limitation period in Petitioner's case expired on or about August 9, 2007.

Petitioner was born in a refugee camp in Hong Kong in 1979.  His parents fled Vietnam before he was born.  Petitioner stayed in a refugee camp in Hong Kong until he came to the United States in 1982, at age 2, as a lawful permanent resident.  Petitioner has no Chinese passport or any other official documents.  His parents and grandparents are Vietnamese citizens.

On May 14, 2007 Immigration and Customs Enforcement ("ICE") denied Petitioner's release after a custody review.  *See* Appendix A to Petition.  The decision to continue detention states that the ICE requested and is waiting for a travel document from China.  Further, that if Petitioner is still in custody in August 2007, jurisdiction will transfer to the Headquarters Post-Order Detention Unit ("HQPDU").

Petitioner claims he has received no further communication regarding his custody

1  status from HQPDU.  However, Petitioner has never been to China, and other than
2  being born in a refugee camp in Hong Kong, which was not part of China at his birth,
3  he has no ties with that country.  The Government has not received travel documents
4  that would permit Petitioner's removal to China.  Vietnam has no repatriation
5  agreement with the United States.  Therefore, it is extremely unlikely that the
6  Vietnamese government will issue travel  documents to permit Petitioner's removal
7  there in the reasonably foreseeable future.  There appears to be no indication that
8  Petitioner can be removed to Vietnam, China or any other country in the reasonably
9  foreseeable future.

10         In light of Ma vs. Reno, 208 F.3d 815 (9th Cir. 2000) and cases cited above, the
11  Court finds that it is likely Petitioner will prevail on the merits of his claim.

### 2.     Complexity of Legal Issues

14         In addition, Petitioner is not capable of articulating his claims pro se.  The case
15  involves complex Constitutional and statutory analysis, and interpretation of Supreme
16  Court precedent.   An analysis of immigration law will be required, as Petitioner is in the
17  custody of federal immigration officials.  The Ninth Circuit has declared that "[w]ith
18  only a small degree of hyperbole, the immigration laws have been deemed second only
19  to the Internal Revenue Code in complexity." United States vs. Ahumada-Aguilar, 295
20  F.3d 943, 950 (9th Cir. 2002).

21         Petitioner's lack of expertise in legal issues and limited education warrant the
22  appointment of counsel.  Legal issues remain unresolved including the determination of
23  release terms and conditions.  Additionally, the need for discovery, such as criminal
24  history, content of communications between government officials and the embassy of
25  Vietnam, and other documents not readily available to a person lacking familiarity with
26  legal procedures is necessary to protect Petitioner's rights during the habeas proceedings.

### 3. Financial Eligibility

Finally, Petitioner cannot afford to retain counsel. He has no income or assets. He has $400.00 in his account at the San Diego Detention Center and a checking account. (Exhibit A to Petition). Petitioner has not worked since May of 2001. Having carefully considered the Petitioner's petition and exhibits, the Court finds that the interests of justice require appointment of counsel. Based upon Petitioner's petition and the declaration of Janet Tung, an attorney with the Federal Defenders of San Diego, Inc., who indicates she is ready and able to assist the Petitioner, the Court appoints the Federal Defenders of San Diego, Inc. (Janet Tung) to represent Petitioner. Accordingly, Petitioner's motion for appointment of counsel is **GRANTED.**

DATED: August 24, 2007

_____
HON. JOHN A. HOUSTON
United States District Judge